

**ORDERED in the Southern District of Florida on December 8, 2015.**

Laurel M. Isicoff, Judge
United States Bankruptcy Court

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In re: Mercedes Sempe

Case No: 15-24542-LMI
Chapter 13

_____Debtor_____/

**ORDER GRANTING MOTION TO VALUE  AND DETERMINE SECURED**
**STATUS OF LIEN ON REAL PROPERTY HELD BY BLOCK FINANCIAL, LLC**

THIS CASE came to be heard on  December 1, 2015  on the Debtor's *Motion to Value and Determine Secured Status of Lien on Real Property* (DE  28  ; the "Motion"). Based upon the debtor's assertions made in support of the Motion, without objection, having considered the record in this case, and being duly advised in the premises, the Court FINDS as follows:

A.     The value of the debtor's real property (the "Real Property") located at 3110 NW 11 Street, Miami, FL 33125, and more particularly described as WALDIN

LF-92 (rev. 01/08/10)                    Παγε 1 οφ 3

ACRES PB 5-68 LOT 1 BLK 1 LOT SIZE 50.230 X 178 OR 11005-1124

0181 5 COC 24654-3434 06 2006 1 is $ 265,000.00 at the time of the filing

of this case.

B.      The total of all claims secured by liens on the Real Property senior to the lien

of Block Financial, LLC (the "Lender") is $ 273,815.14.

C.      The equity remaining in the Real Property after payment of all claims

secured by liens senior to the lien of Lender is $0.00 and Lender has a

secured interest in the Real Property in such amount.

Consequently, it is **ORDERED** as follows:

1.      The Motion is **GRANTED**.

2.      Lender has an allowed secured claim in the amount of $0.00.

3.      Because Lender's secured interest in the Real Property is $0, Lender's

mortgage recorded on 06/21/2006 at OR BOOK 24654 Page 3452 of the

official records of Miami-Dade County, Florida shall be deemed void and

shall be extinguished automatically, without further order of the Court, upon

entry of the debtor's discharge in this chapter 13 case.  If this case is

converted to a case under any other chapter or if the chapter 13 case is

dismissed, Lender's mortgage will no longer be considered void and shall be

restored as a lien on the Real Property.

4.      (Select only one):

 X   Lender has not filed a proof of claim in this case.  The trustee shall

        not disburse any payments to Lender unless a proof of claim is timely

        filed.  In the event a proof of claim is timely filed, it shall be classified

as a secured claim in the amount stated in paragraph 2, above, and

as a general unsecured claim for any amount in excess of such

secured claim, regardless of the original classification in the proof of

claim as filed.

or

____    Lender filed a proof of claim in this case.  It shall be classified as a

secured claim in the amount provided in paragraph 2, above, and as a

general unsecured claim in the amount of $ _____, regardless

of the original classification in the proof of claim as filed.

5.    The Real Property may not be sold or refinanced without proper notice and

further order of the Court.

6.    Notwithstanding the foregoing, this Order is not recordable or enforceable

until the debtor receives a discharge in this chapter 13 case.

###

Submitted By:

Robert Sanchez, P.A.
355 West 49th Street
Hialeah, FL 33012
Tel: (305) 687-8008


Attorney  Robert Sanchez, Esq.  is directed to serve a conformed copy of this Order on all
interested parties immediately upon receipt hereof and to file a certificate of service.